IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR | : : : : | CIVIL ACTION |
| v. | : : | |
| COMMUNITY TRUST COMPANY | : : | NO. 05-MC-18 |

FILED

JUN 26 2008

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

MEMORANDUM AND ORDER

McLaughlin, J.                                             June 25, 2008

The Secretary of Labor ("the Secretary") originally instituted this action for enforcement of an administrative subpoena duces tecum against respondent Community Trust Company ("CTC"). On appeal, the United States Court of Appeals for the Third Circuit vacated and remanded this Court's enforcement of that subpoena. CTC has now filed a motion requesting this Court: (1) to order the Department of Labor ("DOL") to return documents provided under the subpoena; (2) to order DOL to disclose recipients of CTC's documents; (3) to order DOL to cease and desist producing documents or information to any other government agency; (4) to refund fines and costs paid in the amount of $33,475.00 plus interest in the amount of $4,137.51; (5) to award document production costs in the amount of $4,967.56; (6) to award attorneys' fees and costs to CTC in the amount of $106,212.72; and (7) to order DOL to reimburse to CTC $466.95 in

appellate brief preparation costs. The Court will grant CTC's request to be refunded the full amount of coercive fines paid to this Court. The Court will also grant CTC's request to be refunded compensatory fines paid to DOL. The Court will deny CTC's request for interest without prejudice. The Court will deny the other motions.

I. <u>Procedural History</u>

In January 2004, DOL initiated an investigation into fiduciary duty violations involving the Regional Employers' Assurance Leagues' Voluntary Employees' Beneficiary Association (REAL VEBA) pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").

A. <u>Penn-Mont and Koresko</u>

In January 2004, the Secretary issued subpoenas duces tecum against Penn-Mont Benefit Services, Inc. ("Penn-Mont"), the REAL VEBA plan administrator, John J. Koresko, Penn-Mont's attorney, and Koresko & Associates (John Koresko's law firm).

In April 2004, the Secretary instituted an enforcement action in the Eastern District of Pennsylvania for subpoenas duces tecum against Respondents Penn-Mont, Koresko, and Koresko & Associates.

On May 11, 2004, the District Court granted the

Secretary's petition to enforce the subpoenas against the respondents and quashed a motion for the testimony and documents of a DOL investigator. Chao v. Koresko, No. 04-MC-74, 2004 U.S. Dist. LEXIS 8699 (E.D. Pa. May 11, 2004). On August 23, 2004, the District Court again ordered the respondents to comply with the DOL subpoenas. On March 17, 2005 and April 25, 2005, the District Court adjudged the respondents in civil contempt.

On October 12, 2005, the Court of Appeals affirmed the District Court's May 11, 2004 and August 23, 2004 Orders enforcing DOL's subpoenas against the respondents and the District Court's March 17, 2005 and April 25, 2005 Orders adjudging the respondents in contempt. Chao v. Koresko, No. 04-3614, 2005 U.S. App. LEXIS 22025 (3d Cir. Oct. 12, 2005).

B.  Community Trust Co.

On December 23, 2004, the Secretary issued a subpoena duces tecum against CTC, the trustee of REAL VEBA. On January 25, 2005, the Secretary filed a petition to enforce the subpoena against CTC in the Eastern District of Pennsylvania. On May 5, 2005, the District Court granted an order enforcing the subpoena against CTC. On September 26, 2005, the District Court found that CTC was in civil contempt for failing to comply with the DOL subpoena. Chao v. Cmty. Trust Co., 2005 U.S. Dist. LEXIS 21380 (E.D. Pa. Sept. 26, 2005).

3

On January 19, 2007, the Court of Appeals vacated the District Court's Order that enforced the DOL subpoena against CTC, vacated the District Court's Order finding CTC in civil contempt, vacated the District Court's denial of CTC's motion to stay enforcement pending appeal, and remanded the case to the District Court for further proceedings. Chao v. Cmty. Trust Co., 474 F.3d 75, 88 (3d Cir. 2007).

II. Discussion

On January 31, 2008, CTC filed a "Renewed Motion for Enforcement of the Order from the Third Circuit Court of Appeals Dated January 19, 2007." (Docket No. 63.) CTC's requests will be discussed in turn.

A. Return of Plan Documents

CTC requests this Court to order DOL to return documents CTC provided to DOL under the administrative subpoena. The Secretary argues that DOL is not required to return documents to CTC because the two documents in DOL's possession are outside the protection of the Gramm-Leach-Bliley Act (GLBA), 15 U.S.C. § 6801 et seq.[1] (Opp'n at 3.)

In Chao v. Cmty. Trust Co., the Court of Appeals held

---

[1] The two documents are (1) REAL VEBA's health and welfare benefit plan document (Docket No. 65-2 at 3) and (2) REAL VEBA's master trust agreement with CTC (Docket No. 65-2 at 26).

that the Secretary must establish jurisdiction to conduct an investigation prior to a district court's enforcement of an administrative subpoena if disclosure of the subpoenaed information is prohibited under GLBA's protection of private consumer financial information. Chao v. Cmty. Trust Co., 474 F.3d at 88. The question that arises before this Court is whether GLBA protection applies to the documents that CTC has turned over to DOL or alternatively whether the Court of Appeals mandated DOL to return the documents.

Both questions are settled by the Court of Appeals' Opinion. The Opinion explicitly states that the two documents in question do not fall under GLBA protection. See Chao v. Cmty. Trust Co., 474 F.3d at 84 ("If [GLBA] applies to REAL VEBA, then CTC, as a financial institution, is prohibited from releasing any of the subpoenaed information, other than the REAL VEBA plan documents, to the Secretary, a nonaffiliated third party, unless an exception applies." (emphasis added)). Furthermore, a review of the two documents CTC provided to DOL reveals no consumer financial information that implicates GLBA protection.

In addition, the Court of Appeals did not mandate the return of any documents to the CTC. A court may properly order that documents be returned or destroyed. See Church of Scientology v. United States, 506 U.S. 9, 12 (1992). Despite the availability of such a remedy to the Court of Appeals, the Court

5

did not order DOL to return documents that were already in its possession. The Court instead noted that DOL could use CTC's plan documents to establish jurisdiction for a "properly authorized" subpoena against CTC. Chao v. Cmty. Trust Co., 474 F.3d at 87 ("In this case, jurisdiction should be relatively easy for the Secretary to determine simply on the basis of REAL VEBA plan documents, which do not contain protected personal financial information and which appear to have already been turned over to the Secretary.").

To the extent that CTC requests the return of documents provided to DOL by Koresko and Penn-Mont, the Third Circuit's Community Trust opinion does not undermine the order in its previous Koresko opinion. Chao v. Koresko, No. 04-3614, 2005 U.S. App. LEXIS 22025 (3d Cir. Oct. 12, 2005). Indeed, the Third Circuit's Community Trust opinion acknowledged the continued viability of the Koresko opinion. See Chao v. Cmty. Trust Co. 474 F.3d at 87 ("[T]he Secretary is entitled to significant document production from Penn-Mott [sic] and Koresko."). Because the two documents CTC provided to DOL do not implicate GLBA protection, the Secretary is not required to return them to CTC and the Secretary is not required to return any documents provided by Koresko or Penn-Mont absent a showing of GLBA protection.

6

B.   <u>Protective Order Request</u>

CTC requests this Court to order DOL to cease and desist from sharing CTC's documents with other governmental agencies as well as to order DOL to produce a list of anyone who received CTC's documents. As noted above, the Court of Appeals did not suggest that documents already in DOL's possession were improperly obtained or should be returned to CTC. <u>See</u> <u>Chao v. Cmty. Trust Co.</u>, 474 F.3d at 87. Furthermore, ERISA expressly permits the Secretary to disclose investigative information to other federal agencies.[2] Provided that DOL is only in possession of documents not subject to GLBA, CTC has not demonstrated why it is entitled to a protective order against the Secretary or a list of recipients of CTC's documents.

C.   <u>Refund of Fines Paid</u>

CTC requests a refund of all contempt fines that CTC paid plus interest. CTC calculates this amount to be $33,475 plus $4,137.51 interest. Of the $33,475 paid by CTC, $30,000 was paid to the Clerk's office for contempt fines; the remaining

---

[2]   29 U.S.C. § 1134(a) provides in part, "The Secretary may make available to . . . any department or agency of the United States, information concerning any matter which may be the subject of such investigation; except that any information obtained by the Secretary pursuant to [26 U.S.C. § 6103(g)] shall be made available only in accordance with regulations prescribed by the Secretary of the Treasury."

7

$3,475 was paid to DOL for costs.[3] The Court will grant CTC's request to be refunded the $30,000 that CTC paid in contempt fines.

The Court will also grant CTC's request to be refunded $3,475 in costs paid to DOL. The Court awarded costs to DOL for fees associated with filing a motion for civil contempt. (Docket No. 31 at 10.) Because the Court of Appeals vacated this Court's finding of contempt, an award to DOL for costs is no longer appropriate.

CTC does not present any support or authority for its request for 6% interest on refunded contempt fines. The Court of Appeals did not issue an express or implied directive that CTC was entitled to accrued interest. This Court will deny CTC's request for interest, but will allow CTC to provide authority in support of its request within 10 days of this decision.

### D. Document Production Costs

CTC requests $4,967.56 from DOL for document production costs. The record shows that CTC has only produced two documents to DOL: (1) REAL VEBA's health and welfare benefit plan document (Docket No. 65-2 at 3) and (2) REAL VEBA's master trust agreement

---

[3] CTC has issued four checks regarding this action: (1) No. 7641 for $13,500 payable to Clerk USDC on 1/19/2006; (2) No. 7449 for $3,500 payable to Clerk USDC on 12/8/2005; (3) No. 7315 for $13,000 payable to Clerk USDC on 11/15/2005; and (4) No. 7316 for $3,475 payable to United States Department of Labor.

with CTC (Docket No. 65-2 at 26). CTC does not explain how it incurred nearly five thousand dollars in document production costs for two documents, and consequently this request is denied.

    E.    <u>Attorneys' Fees and Costs</u>

CTC requests DOL to reimburse Community Trust $106,212.72 in attorneys' fees and costs. Under the Equal Access to Justice Act ("EAJA"), a prevailing party shall be awarded fees under EAJA "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Given that a previous Third Circuit panel found in favor of the government on a similar action and the District Court found for the government in this case, CTC's conclusory statement that DOL was "not substantially justified" is at odds with the procedural history of this action. The Court finds that the government's position was substantially justified and therefore concludes that CTC's EAJA claim is not viable on the merits.

In addition to the requirement that the government's position must be found not to be substantially justified, fees may only be issued after a "final judgment." <u>See</u> 28 U.S.C. § 2412(d)(2)(G) ("'[F]inal judgment' means a judgment that is final and not appealable, and includes an order of settlement."). The Court of Appeals' decision does not represent a "final judgment."

The Court of Appeals remanded the case for "further proceedings." Chao v. Cmty. Trust Co., 474 F.3d at 88.

F.   Appellate Filing Costs

CTC's request for appellate filing costs is moot because the Third Circuit has already ordered DOL to pay appellate filing costs in the amount of $466.95.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR | : : : : | CIVIL ACTION |
| v. | : : | |
| COMMUNITY TRUST COMPANY | : | NO. 05-MC-18 |

ORDER



AND NOW, this 25th day of June, 2008, upon consideration of respondent Community Trust Company's motion for enforcement (Docket No. 63) and petitioner Secretary of Labor's opposition thereto (Docket No. 65), IT IS HEREBY ORDERED that, for the reasons stated in the accompanying memorandum:

   1. The respondent's motion for return of documents from the petitioner is DENIED.

   2. The respondent's motion for a protective order against the petitioner and a list of document recipients is DENIED.

   3. The respondent's motion for refund of coercive fines paid to the Court Finance Officer in the Clerk of Court's Office at the United States Courthouse in the amount of $30,000 is GRANTED.

   4. The respondent's motion for refund of compensatory

fines paid to the Department of Labor in the amount of $3,475 is GRANTED.

     5.    The respondent's motion for interest in the amount of $4,137.51 is DENIED, but the respondent may provide authority in support of its request for interest within 10 days of this decision.

     6.    The respondent's motion for document production costs in the amount of $4,967.56 is DENIED.

     7.    The respondent's motion for attorneys' fees and costs under 28 U.S.C. § 2412 in the amount of $106,212.72 is DENIED.

     8.    The respondent's motion for appellate filing costs in the amount of $466.95 is DENIED as moot.

BY THE COURT:

_Mary A. McLaughlin_
Mary A. McLaughlin, J.