```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ELAINE L. CHAO, SECRETARY      :      CIVIL ACTION
 OF LABOR, UNITED STATES       :
 DEPARTMENT OF LABOR           :
                               :
          v.                   :
                               :
                               :
COMMUNITY TRUST COMPANY        :      NO. 05-mc-18
```

MEMORANDUM AND ORDER

McLaughlin, J.                                    October 30, 2008

In January of 2004, the Department of Labor ("DOL") initiated an investigation into fiduciary duty violations involving the Regional Employers' Assurance Leagues' Voluntary Employees' Beneficiary Association Plan and Trust Agreement (the "REAL VEBA Trust") pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").  The trust covers multiple single-employer plans.  Penn-Mont Benefit Services, Inc. is the administrator of the Plan, and Community Trust Company ("CTC") is the trustee.  In connection with this investigation, the DOL issued a subpoena on December 23, 2004, to CTC.  The Court granted DOL's petition to enforce this subpoena after CTC refused to comply with its terms.

The order granting the petition was appealed to the United States Court of Appeal for the Third Circuit.  That Court vacated that order on the grounds that the DOL must establish proper jurisdiction to conduct the investigation, as required

under the Gramm-Leach-Bliley Act, 15 U.S.C. §6801 et seq.

The Gramm-Leach-Bliley Act permits the disclosure of nonpublic personal information by a financial institution when that disclosure is made in order "to comply with a properly authorized civil, criminal, or regulatory investigation or subpoena." 15 U.S.C. 6802(e)(8). An investigation is "properly authorized" only when the investigating agency has jurisdiction to conduct that investigation. Chao v. Community Trust Co., 474 F.3d 75 (3d Cir. 2007). Therefore, on remand from the Court of Appeals, the DOL must establish that the information it seeks from the respondent in the course of its investigation falls within the agency's jurisdiction.

An employee benefit plan like those comprising REAL VEBA Trust falls within the scope of ERISA, and therefore under the jurisdiction of the DOL, in two situations. Gruber v. Hubbard Bert Karle Weber, Inc., 159 F.3d 780, 786-90 (3d Cir. 1998). The first situation requires that a group of employers that establishes and maintains the plan be a bona fide association of employers tied by a common economic or representation interest. The second situation requires only that a single employer adopt a program of benefits sponsored by a group or association that is not itself an employer or employee organization. In this situation, the plan adopted by the single employer must itself be an ERISA-covered plan. Id.

In this case, the DOL is investigating a collection of single employer plans administered by CTC as trustee, the second situation discussed above. The DOL must establish that the single employer "plans" constitute ERISA-covered plans. An ERISA plan exists if a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits from the circumstances surrounding the plan. Id. at 789. The United States Court of Appeals for the Third Circuit has stated that "the crucial factor in determining whether a 'plan' has been established is whether the employer has expressed an intention to provide benefits on a regular and long-term basis." Id.

The DOL has provided documentation sufficient to establish that its investigation falls within its jurisdiction and is therefore properly authorized. The REAL VEBA "Health and Welfare Benefit Plan Document," to which participating employers were party, provides that benefits may be paid out over the course of up to 120 months, or as the plan administrator otherwise decided. Pet. Ex. 4 ¶5.02. The DOL has provided evidence of several individually covered plans within the REAL VEBA Trust, demonstrating that the Department's investigation is properly within its jurisdiction. Moreover, the DOL has indicated by way of affidavit that over 100 employers within the REAL VEBA Trust established benefit plans for their employees

falling within the DOL's jurisdiction in the context of an ERISA investigation.  "The ongoing, predictable nature of [the] obligation" created under the REAL VEBA plans implicates ERISA and the DOL's jurisdiction over those plans.  <u>Fort Halifax Packing Co. V. Coyne</u>, 482 U.S. 1, 14 n.9 (1987).

        The DOL has jurisdiction to conduct the current investigation into the REAL VEBA Trust.  For this reason, and for the reasons outlined in the Court's original Order of May 5, 2005, the Court grants the DOL's petition to enforce its administrative subpoena.

        An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR | : : : : | CIVIL ACTION |
| v. | : : : | |
| COMMUNITY TRUST COMPANY | : | NO. 05-mc-18 |

ORDER

AND NOW, this 30th day of October, 2008, upon consideration of the parties' memoranda regarding ERISA coverage of the REAL VEBA Trust and the Department of Labor's jurisdiction over the investigation of CTC as trustee of the REAL VEBA Trust, and upon consideration of the Petition to Enforce Administrative Subpoena (Docket No. 1), IT IS HEREBY ORDERED that the Petition to Enforce Administrative Subpoena is GRANTED for the reasons outlined in the attached Order of October 30, 2008.  It is further ORDERED that the parties shall discuss the timing of the defendant's compliance with the subpoena on or before November 6, 2008.  If the parties cannot agree on a schedule, they shall submit a letter informing the Court of their respective positions.

BY THE COURT:


/s/Mary A. McLaughlin
Mary A. McLaughlin, J.